**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0406n.06

No. 10-5966

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 13, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JERRY LINTON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JOEY RIDDLE; DONNIE HUDSON, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE:  GIBBONS and SUTTON, Circuit Judges; DUGGAN, District Judge.[*]

PER CURIAM.  Jerry Linton, a Kentucky citizen, appeals the summary judgment for defendants in an action she filed alleging violations of her civil rights and state tort claims.

Linton filed this action in the Kentucky courts, alleging that the defendants, a principal and assistant principal of a high school where Linton had worked as a teacher, violated her right of association under the First Amendment and committed the state torts of assault and defamation. Defendants removed the action to the federal district court and moved for summary judgment. The district court granted defendants' motion and denied Linton's motion for reconsideration. This appeal followed. We denied Linton's motion to certify a question to the Kentucky Supreme Court regarding whether Kentucky would recognize a tort of libel by pantomime.

We review a decision granting summary judgment de novo, making all inferences in favor of the non-moving party, to determine whether there is a genuine dispute of material fact and

---

[*]The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

whether the moving party was entitled to judgment as a matter of law. *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). Upon de novo review, we will affirm the summary judgment in this case for the reasons stated by the district court.

Linton's complaint was based on events that occurred on May 21, 2008. On that date, she arrived at the high school where she and her son were both employed as teachers. Defendant Riddle, the principal, yelled that he needed to speak to Linton in his office, in front of a number of other staff members and students. Linton assumed that Riddle wanted to speak to her about her son's pending discipline by Riddle. She did not get along with Riddle and did not want to meet alone with him. Therefore, she requested a representative to accompany her to the meeting. Riddle again told her to come into his office, but she again refused to do so without a representative. He then loudly ordered her to leave the building, and began to walk her towards the door. Defendant Hudson, the assistant principal, continued to escort Linton out the door after Riddle returned to his office.

Linton alleged that denying her request for a representative at the meeting with Riddle violated her First Amendment freedom of association. The district court found that Riddle had a rational basis for denying Linton's request and was therefore entitled to summary judgment on this claim. We agree. Restraints on an employee's association, not touching on a matter of public concern, are subject to rational basis scrutiny. *Akers v. McGinnis*, 352 F.3d 1030, 1037 (6th Cir. 2003). Here, Linton's desire not to meet alone with Riddle to discuss the discipline of her son was not a matter of public concern, and Riddle had a rational basis for denying Linton's request for representation. The orderly administration of the school would be hindered if a witness were required for every meeting by the principal with a member of staff.

The district court also found that there was no genuine dispute as to whether defendants threatened Linton with an unwanted touching, which is necessary to establish an assault claim. *See Banks v. Fritsch*, 39 S.W.3d 474, 480 (Ky. Ct. App. 2001). Linton testified in her deposition that, if she would have stopped walking out of the school, the defendants would have run over her. She later qualified that statement by saying that, if she had stopped very quickly, they would have run over her, but not intentionally. In fact, she did stop on her way out of the school without the defendants running over her. Therefore, the district court correctly concluded that there was no threat of unwanted touching constituting an assault.

Finally, Linton alleged that she was defamed by Riddle when he ordered her to leave the school and had her escorted from the building, claiming that their combined words and actions implied that she was being insubordinate. Even if Kentucky recognized the tort of "libel by pantomime," defendants would be entitled to a qualified privilege for statements relating to conduct of their employees. *See Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 796 & n.55 (Ky. 2004). In the face of a qualified privilege, Linton was required to show actual malice, that is, that defendants knew their statements were false or acted with reckless disregard for whether they were false. *Id.* at 798-99. Here, Linton did not show that defendants knew any implied statement that Linton was being insubordinate was false. In fact, it appears that they honestly believed that Linton was being insubordinate.

For the above reasons, the summary judgment in favor of defendants is affirmed.